IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | CASE NO. 1:17CR364 |
|---|---|---|
| Plaintiff, | ) | JUDGE DAN A. POLSTER |
| v. | ) | |
| JESUS BEY, | ) | GOVERNMENT'S TRIAL BRIEF |
| Defendant. | ) | |

Now comes the United States of America, by and through its counsel, Justin E. Herdman, United States Attorney, and Kelly L. Galvin and Scott Zarzycki, Assistant United States Attorneys, and hereby submits the following trial brief.

I. **SUMMARY OF THE CASE AND OFFENSE**

Jesus Bey (hereinafter Defendant) is charged in a single-count indictment with possession of ammunition that moved in interstate commerce as a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

If this case proceeds to trial, the United States intends to offer evidence of the following:

On January 25, 2017, at approximately 8:44 p.m., Defendant and his associates were gathered outside the Harvard Wine and Grill located at East 142nd Street and Harvard Avenue in Cleveland, Ohio. As Defendant was outside speaking to someone in a pickup truck on East 142nd Street, a Nissan SUV drove by and opened fire upon Defendant. Defendant pulled a handgun from his pants and attempted to return fire upon the Nissan SUV as did others who

were inside the pickup truck.  Both the driver and front seat passenger of the pickup truck have to be identified by law enforcement.

The shots fired at the Nissan SUV struck the driver, Julius Claxton, in the head rendering the vehicle immovable against the back of another vehicle parked on Harvard Avenue.  Claxton was pronounced dead on scene.  A male, Da'Montaisd Banks, emerged from the front passenger side of the Nissan and fled.  A male, Darien Hayes, in the backseat of the Nissan fired additional shots and attempted to flee but was gunned down by the male who was previously in the driver seat of the pickup truck.  Hayes was pronounced dead on scene.

Video from the Harvard Wine and Grill shows the occupants of the Nissan SUV shooting towards Bey and the pickup truck, and the Defendant attempting to return fire with a gun he pulled from his pants.  His gun appears to malfunctions as defendant can be observed manipulating the firearm.  A magazine, and .40 caliber rounds of ammunition bearing headstamp "S & W," were recovered in the parking lot in the location where Defendant was seen attempting to fire his weapon at the first male, Banks, who fled from the Nissan.  Those .40 caliber rounds of ammunition were manufactured outside the State of Ohio.  Several firearms and spent shell casings of other calibers were recovered at the scene and were attributed to other persons besides the defendant.  The firearm used by defendant was never recovered.

After the shooting, Defendant can be seen on surveillance entering the Harvard Wine and Grill with what appears to be a gun in his back pocket.  Defendant then left the restaurant with the gun in hand and walked to his vehicle on Harvard Avenue.  When the police arrived, Defendant was no longer present on scene.

At the time of the shooting Defendant was prohibited from possessing ammunition because he had a number of disqualifying convictions.  Certified records obtained by ATF

Special Agent Gerrod Briggs show Defendant having multiple convictions for the following offenses:

- Attempted Felonious Assault, in Case Number CR-13-577166-A, on April 11, 2014
- Felonious Assault with Firearm Specification, and Having Weapon Under Disability, in Case Number CR-13-579235-B, on April 11, 2014
- Having Weapons Under Disability, in Case Number CR-13-577412-A, on April 11, 2014

## II. CONTROLLING LAW

### A. Felon in Possession of Ammunition

Title 18, United States Code, Section 922(g)(1), makes it a crime for a person to knowingly possess a firearm in and affecting interstate commerce after having been convicted of a crime punishable by more than one year imprisonment. The government must prove the following elements beyond a reasonable doubt:

(1) That the defendant has been convicted of a crime punishable by imprisonment for more than one year. As I explained earlier, the government and the defendant have stipulated and agreed that defendant had previously been convicted of a crime punishable by imprisonment for more than one year.

(2) That the defendant, following his conviction, knowingly possessed a firearm specified in the indictment.

(3) That the specified firearm crossed a state line prior to the alleged possession. It is sufficient for this element to show that the firearm was manufactured in a state other than Ohio.

## III. EVIDENTIARY ISSUES

### A. Defendant Is Not Entitled To A Justification Instruction

The government submits that the most significant legal issue will be whether defendant produces sufficient evidence to permit a justification defense pursuant to Sixth Circuit Pattern Jury Instruction 6.07. The instruction is as a follows:

(1) One of the questions in this case is whether the defendant was justified in committing the crime. Here, unlike the other matters I have discussed with you, the defendant has the burden of proof.

(2) For you to return a verdict of not guilty because of a justification defense, the defendant must prove the following five factors by a preponderance of the evidence:

> (A) First, that the defendant reasonably believed there was a present, imminent, and impending threat of death or serious bodily injury [to himself] [to another];
>
> (B) Second, that the defendant had not recklessly or negligently placed himself [another] in a situation in which it was probable that he would be forced to choose the criminal conduct;
>
> (C) Third, that the defendant had no reasonable, legal alternative to violating the law;
>
> (D) Fourth, that the defendant reasonably believed his criminal conduct would avoid the threatened harm; and
>
> (E) Fifth, that the defendant did not maintain the illegal conduct any longer than absolutely necessary.

(3) If the defendant proves by a preponderance of the evidence the five elements listed above, then you must find the defendant not guilty.

(4) Preponderance of the evidence is defined as "more likely than not."  In other words, the defendant must convince you that the five factors are more likely true than not true.

Only in rare situations is defendant entitled a justification defense for possessing a firearm as a convicted felon.  United States v. Singleton, 902 F.2d 471, 472 (6th Cir. 1990) citing United States v. Gant, 691 F.2d 1159 (5th Cir.1982); United States v. Agard, 605 F.2d 665 (2d Cir.1979).  At the center of this analysis is whether or not the defendant had "no alternative-either before or during the event-to avoid violating the law."  Singleton, 902 F.2d at 473.  A defendant will not be entitled to jury instructions as a matter of law should they fail to meet these elements. United States v. Moore, 733 F.3d 171, 174 (6th Cir. 2013).  Additionally a defendant must show that he gave up possession as soon after the harm ended as possible. Id. A defendant is still in unlawful possession of a firearm even where it remains in his vehicle when he does not immediately hand it over to responding officers.  Id. *See also* United States v. Kemp, 546 F.3d 759, 766 (6th Cir.2008).

The defendant fails multiple prongs of this test.  Most evident is that the defendant did not possess the firearm and ammunition for only as long as necessary.  Quite to the contrary, after the incident he maintained possession, going so far as to leave the scene with the firearm after the threat no longer existed.

Second, the threat of violence was not imminent.  To argue this point, the defendant would assume that the danger was ever-present.  The Defendant was in possession of a firearm and ammunition before any gunfire occurred.  The Defendant can be seen on video casually speaking to a male in a pickup truck in the middle of the street.  As such, this argument would allow felons to always be in possession of firearms notwithstanding the illegality.  The defendant does not appear to have any fears of an impending danger during the time leading up to the

incident. Defendant will allege that a third party contacted his family member to warn of the shooting. Law enforcement had no way to verify this threat as the information was not provided contemporaneously with the shooting, nor was the name of the person who allegedly warned his family ever provided to law enforcement. In response to the impending threat, Defendant remained at the bar, and even went so far as to make himself visible outside in the street in front of the bar. He did not remain inside the bar, leave the bar, or call police.

Third, defendant did not remain on scene to assist authorities with a statement, subject himself to evidentiary testing such as gunshot residue, or provide law enforcement with the firearm for ballistics testing. Defendant was detained two days later at his probation officer's office during a required visit.

Finally, his gang affiliation is directly material to his defense; particularly as to whether he recklessly or negligently placed himself in a situation in which it was probable that he would be forced to commit a criminal act, and therefore had no alternative but to violate the law. Evidence of his affiliation would rebut his allegation that he was not negligent and had no other alternative to possessing the ammunition. The government has filed a separate notice of intent to introduce his gang affiliation as the motivation for the shooting. The government intends to propose limited testimony in this area and will confer with defense counsel about a possible stipulation to limited testimony of gang affiliation.

B.  ADMISSIBILITY OF JAIL CALLS

The United States intends to offer into evidence the Defendant's statements made in recorded jail conversations between Defendant and another person. Specifically, the United States intends to offer the Defendant's statements in which he discusses the shooting on the phone with his mother. The United States will edit the calls to the extent possible to eliminate

reference to the Defendant's current incarceration.  However, it may become necessary for the United States to play portions of these conversations that may reveal the Defendant's current incarceration.  Under Federal Rule of Evidence 403, relevant evidence only may be excluded if the danger of unfair prejudice substantially outweighs its probative value.  Fed. R. Evid. 403; *United States v. Wesley*, 417 F.3d 612, 622 (6th Cir. 2005).  The United States recognizes that "reference to defendant's incarceration presents a classic danger of unfair prejudice—that the jury may decide guilt based on the fact that the defendant has a prior conviction." *Wesley*, 417 F.3d at 622.  This concern, however, is minimized in cases where no other less prejudicial evidence is available. *See United States v. Al-Din*, 631 F. App'x 313, 323 (6th Cir. 2015) (upholding admissibility of letter revealing fact of defendant's current incarceration where evidence did not present close question of sufficiency); *see also United States v. Delacruz-Slavik*, No. 10CR17, 2010 WL 4038758, at *7-8 (E.D. Mich. Oct. 1, 2010).  The risk of unfair prejudice is further mitigated where the court gives a limiting instruction regarding the proper use of evidence. *See, e.g., United States v. Barnes*, No. 15-5237, 2016 WL 2848638 at *8 (6th Cir. May 16, 2016) (finding that district court's limiting instruction sufficiently mitigated risk that jurors would consider jail call evidence for improper purposes).

The Defendant's statements about the shooting should not be excluded under Federal Rule of Evidence 403.  The Defendant's statements are probative of the element of possession as well as to the rebut the defense of justificication.  The United States' purpose for offering these statements is not open to proof by other, less prejudicial evidence.  To mitigate the risk of any unfair prejudice arising from the admission of the recorded conversations, the United States proposes that the Court give the jury a limiting instruction regarding the proper consideration of

this evidence. Under these circumstances, the United States respectfully submits that the Defendant's recorded statements are properly admissible.

### C. AUDIO RECORDING AND TRANSCRIPTS

The United States intends to introduce an audio recording of Defendant's calls from County Jail, and government counsel has notified defense counsel of the same. Additionally, the government has prepared a transcript of portions of the audio that will play contemporaneously with the video. The government has provided this transcript to defense counsel, as well as submitted the relevant pattern jury instruction regarding recordings as an aid in receiving evidence.

## IV. TRIAL DOCUMENTS

### A. STIPULATIONS

The United States and the Defendant have entered into the following stipulations:

- That the Defendant was convicted of a crime punishable under the laws of the State of Ohio by a term of imprisonment exceeding one year.
- That the .40 caliber ammunition bearing headstamp S & W, was manufactured outside the state of Ohio, and therefore traveled in and affected interstate commerce.
- That the video obtained by law enforcement from Harvard Wine and Grill at East 142nd Street and Harvard Avenue on January 25, 2017, is authentic and is a true and accurate depiction of the events on January 25, 2017, between the hours of approximately 8:44 p.m. and 9:00 p.m.

B.  PROPOSED JURY INSTRUCTIONS

The United States respectfully requests that the Court use the Joint Proposed Government and Defense Jury Instructions as filed.

C.  PROPOSED *VOIR DIRE* QUESTIONS

The United States respectfully requests that the Court use the Government's proposed questions as filed to the jury panel during *voir dire* examination.

D.  PRELIMINARY STATEMENT

The United States respectfully requests that the Court use the Joint Proposed Government and Defense preliminary statement as filed:

"The Indictment in this case accuses Defendant Jesus Bey of being a convicted felon in possession of ammunition, on or about January 25, 2017. Specifically, the United States alleges that on January 25, 2017, Defendant Bey possessed ammunition at the location of East 142nd Street and Harvard Avenue in Cleveland, Ohio. As of that date, Defendant Bey had been previously convicted of a crime punishable by more than one year imprisonment. The United States further alleges that the ammunition in question was manufactured outside of the State of Ohio and therefore traveled in interstate commerce prior to January 25, 2017.

Defendant has entered a not guilty plea and is presumed innocent of the charge as a matter of Constitutional right. Defendant also contends that the evidence in this case supports the defense of justification. If the facts support this defense the Court will instruct you accordingly."

**IV.     CONCLUSION**

The United States is prepared to submit additional briefing on any issue should the Court or circumstances require.

<pre>
                                        Respectfully submitted,
                                        JUSTIN E. HERDMAN
                                        United States Attorney

                                By:     /s/ Kelly L. Galvin
                                        Kelly L. Galvin (OH: 0062585)
                                        Assistant United States Attorney
                                        United States Court House
                                        801 West Superior Avenue, Suite 400
                                        Cleveland, OH 44113
                                        (216) 622-3731
                                        (216) 522-8355 (facsimile)
                                        Kelly.L.Galvin@usdoj.gov

                                        /s/ Scott Zarzycki
                                        Scott Zarzycki (OH: 0072609)
                                        Assistant United States Attorney
                                        United States Court House
                                        801 West Superior Avenue, Suite 400
                                        Cleveland, OH 44113
                                        (216) 622-3971
                                        (216) 522-7358 (facsimile)
                                        Scott.Zarzycki@usdoj.gov
</pre>

CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of July 2018, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

/s/ Kelly L. Galvin
Kelly L. Galvin
Assistant United States Attorney