IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:17CR364 |
|---|---|---|
| Plaintiff, | ) ) ) | JUDGE DAN A. POLSTER |
| v. | ) ) | |
| JESUS BEY, | ) ) | GOVERNMENT'S NOTICE OF INTENT TO INTRODUCE EVIDENCE OF |
| Defendants. | ) ) | DEFENDANT'S GANG AFFILIATION |

Now comes the United States of America, by and through its counsel, Justin E. Herdman, United States Attorney, and Kelly L. Galvin and Scott Zarzycki, Assistant U. S. Attorneys, and hereby provides notice of the government's intent to introduce evidence of defendant's gang affiliation. Defendant has asserted that his possession of ammunition was justified under the circumstances. (See R. 19: Notice to Assert Defense, PageID 116). To do so, defendant bears the burden to establish that he was not reckless or negligent in placing himself in a situation where he likely would have to defend himself and had no other legal alternative but to commit the crime. The evidence the government intends to introduce is directly probative of his defense.

I.      **OVERVIEW OF EVIDENCE GOVENRMENT SEEKS TO INTRODUCE**

Jesus Bey is a member of the "Loyal Always" criminal gang, which was formally known as "LA Gunnaz" in years past. The gang was formed in the Cleveland neighborhood between Lenacrave and Angelus. The gang uses a specific hand signal and created stickers with the insignia "Loyal Always" which was used to "tag" their neighborhood. Through investigation, the Cleveland Division of Police has identified at least a dozen members, including Bey, with significant violent felonies. The existence of the gang is evidenced by interviews with known members and other witnesses, tattoos, social media postings, cell phone records, and jail recordings. According to the pre-plea presentence report, Bey has two prior violent felony convictions; one for felonious assault and a second for attempted felonious assault. His third felony conviction is for having a weapon under disability. Bey has been arrested and charged for other violent felonies but was acquitted at trial. As a juvenile, Bey was charged in 2008 with participating in a criminal gang, but the charge was later dismissed. Bey has a tattoo on his right forearm with the inscription "Loyal Always."[1]

II.     **LAW AND ARGUMENT**

Given Bey's intent to assert a justification defense, his membership in a criminal gang is admissible to show: whether the alleged impending threat was well-grounded, whether he recklessly or negligently placed himself in a situation in which it was probable that he would be forced into criminal conduct, and whether he had no reasonable legal alternative to violating the

---

[1] The government provides this information as evidence that Bey is a Loyal Always member, a consideration for the relevancy of admitting testimony regarding his membership into evidence. The government does not intend to introduce photographs of Bey's tattoos, unless Bey specifically refutes the allegation that he is a Loyal Always member. The government would only intend to introduce tattoos specific to Loyal Always, and not any and all tattoos.

law. The government submits given his defense, his gang affiliation is admissible under Sixth Circuit case law and Fed. R. 401. However, the government has also briefed as alternative arguments that the evidence of his gang affiliation is inextricably intertwined with his possession of ammunition and/or is admissible under Fed. R. 404(b), Other Crimes, Wrongs and Acts.

The government anticipates that if such testimony will be admitted at trial, that the Court provide the government guidance if such testimony may be admitted in the case-in-chief, or presented during rebuttal testimony after the defense has presented its case-in-chief.

A. RELEVANT EVIDENCE FED. R. 401

Federal Rule of Evidence 401 provides that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Even if relevant, evidence must also be more probative than prejudicial. Federal Rule of Evidence 403 states: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." However, "Unfair prejudice 'does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest decision on an improper basis.'" Gibbs, 182 F.3d 408, 430 (6th Cir. 1999) (quoting United States v. Bonds, 12 F.3d 540, 567 (6th Cir. 1993)).

B. EVIDENCE INEXTRICABLY INTERTWINED

A district court may admit uncharged background evidence as long as it is "inextricably intertwined" with the underlying offense. United States v. Hardy, 228 F.3d 745, 748 (6th Cir. 2000). Intrinsic acts "are part of a single criminal episode," United States v. Barnes, 49 F.3d 1144, 1149 (6th Cir. 1995), meaning they "ha[ve] a causal, temporal or spatial connection with

the charged offense," Hardy, 228 F.3d at 748. Courts may admit evidence via this route if it (1) "is a prelude to the charged offense"; (2) "is directly probative of the charged offense"; (3) "arises from the same events as the charged offense"; (4) "forms an integral part of a witness's testimony"; or (5) "completes the story of the charged offense." Id. The government submits that evidence of gang affiliation given Bey's defense would apply to (4) or (5), as the testimony could be an integral part of a witness's testimony, for either the government or defense, and it would complete the store of why Bey possessed ammunition.

Intrinsic acts may be admitted when evidence "provides background information, establishes a nexus between individuals, or completes the story of the charged offense." United States v. Gibbs, 797 F.3d 416, 424 (6th Cir. 2015). This evidence does not, however, implicate Fed. R. Evid. 404(b) when evidence of prior acts is "part of a continuing pattern of illegal activity" or is "inextricably intertwined" with the indicted crime. Barnes, 49 F.3d at 1149.

See United States v. Cody, 498 F.3d 582 (6th Cir. 2007) (testimony that defendant's motive to commit armed bank robbery was to support drug use and pay off drug debts properly admitted; court determined defendant's drug habit was inextricably intertwined with bank robbery); United States v. McGee, 510 F. App'x 377 (6th Cir. 2013) (testimony of prior uncharged robbery properly admitted where defendant planned to use the firearms stolen during uncharged robbery to commit charged robbery and drug conspiracy); United States v. McNeal, 40 F. App'x 164 (6th Cir. 2002) (testimony that witness sold drugs on behalf of defendant on occasions other than those charged properly admitted as 'prelude to charged offense' to explain relationship of witness and defendant, how defendant came to be under investigation, and why witness agreed to cooperate and testify against defendant); and United States v. Miller, 48 F. App'x 933, 947-48 (6th Cir. 2002) (evidence of gang affiliation and prior drug transactions with

defendant and others which established relationships of co-conspirators was inextricably intertwined and probative in drug conspiracy case).

On its face, gang affiliation does not have to be 'inextricably intertwined' to be admissible. Evidence of gang affiliation is admissible to establish opportunity to commit a crime, or where the interrelationship between people is a central issue. United States v. Gibbs, 182 F.3d 408, 430 (6th Cir. 1999) (photos depicting defendants with gang references highly probative in drug conspiracy and firearms case); United States v. Williams, 158 F. App'x 651, 653-54 (6th Cir. 2005) (evidence of gang affiliation was probative to establish theory that membership in Vice Lords was synonymous with membership in drug conspiracy). However, it cannot be admitted "if there no connection between the gang evidence and the offense charged." United States v. Anderson, 333 F. App'x 17, 24 (6th Cir. 2009) (evidence of past membership in gang not central to defendant's participation in drug conspiracy although found to be harmless error); and United States v. Newson, 452 F.3d 593 (6th Cir. 2006) (evidence of gang tattoos more prejudicial than probative to felon in possession case that originated from a traffic stop where intended purpose was to attack credibility of witness, although found to be harmless error).

    C.      EVIDENCE OF OTHER CRIMES, WRONGS OR ACTS FED. R. 404(b)

While the government asserts this afore-mentioned evidence would be considered 'inextricably intertwined' rather than 'other acts' evidence, it provides the Court with a 404(b) analysis by ways of comparison. Fed. R. Evid. 404(b) provides:

> (b) Crimes, Wrongs, or Other Acts.
>
> (1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> (2) Permitted Uses; Notice in a Criminal Case. This evidence may be admissible for another purpose, such as proving motive,

5

> opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. On request by a defendant in a criminal case, the prosecutor must:
>
> (A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and
>
> (B) do so before trial—or during trial if the court, for good cause, excuses lack of pretrial notice.

The Sixth Circuit has established a three-part test for determining if evidence is admissible under Rule 404(b). First, the district court must decide whether the proponent has demonstrated that the other act in question actually occurred. Hardy, 228 F.3d at 750. The district court need not make a finding that the proponent proved the other act by a preponderance of the evidence; "such evidence should be admitted if there is sufficient evidence to support a finding by the jury that the defendant committed the similar act." Huddleston v. United States, 485 U.S. 681, 685 (1988). Second, the proponent must identify a specific purpose, other than the defendant's character, for which the evidence is offered, and the district court must determine whether this identified purpose is "material" or "at issue" in the case. United States v. Merriweather, 78 F.3d 1070, 1076–77 (6th Cir. 1996). Finally, the court must engage in a Rule 403 analysis and determine whether "the probative value of the evidence is substantially outweighed by the danger of unfair prejudice." Id. at 1077. After conducting this analysis, if the evidence is admitted, the district court "must 'clearly, simply, and correctly' instruct the jury as to the specific purpose for which they may consider the evidence." Id. (quoting United States v. Johnson, 27 F.3d 1186, 1193 (6th Cir. 1994)).

Other acts evidence is admissible if specific intent is a statutory element of the offense. United States v. Spikes, 158 F.3d 913, 930 (6th Cir. 1998). The instant crimes charged have an element of specific intent. "In prosecuting specific intent crimes, prior acts evidence may often be the only method of proving intent. Where the crime charged is one requiring specific intent,

6

the prosecutor may use 404(b) evidence to prove that the defendant acted with the specific intent notwithstanding any defense the defendant might raise." United States v. Johnson, 27 F.3d 1186, 1192 (6th Cir. 1994).

To determine if evidence of other acts is probative of intent, we look to whether the evidence relates to conduct that is "substantially similar and reasonably near in time" to the specific intent offense at issue. United States v. Blankenship, 775 F.2d 735, 739 (6th Cir. 1985).

The final inquiry the Court must make is whether the other acts are probative of the permissible uses, and if the probative value is substantially outweighed by the danger of unfair prejudice. Essential to this balancing inquiry is the intended purpose for introducing the evidence. The jury instructions should provide only those specific intended uses for the evidence. United States v. Davis, 547 F. 3d 520 (6th Cir. 2008). The Sixth Circuit Pattern Jury Instructions do not provide definitions for the potential uses of evidence, i.e. 'motive,' 'intent' or 'plan.' United States v. Johnson, 27 F.3d 1186 (6th Cir. 1994) provides substantial guidance in the proper use of motive, intent, identity and knowledge.

While one of the considerations is whether the other acts are similar, it is not a prerequisite, depending on which purpose is intended. In United States v. Talley, 164 F. 3d 989, (6th Cir. 1999), evidence of other acts was not similar to prosecution for solicitation to commit murder of an FBI agent but were probative of defendant's motive. Talley was a sheriff deputy who conspired to murder an FBI agent and informant who provided the FBI with information of Talley's illegal activities. Talley solicited a man named Tyler who was once a prisoner in the jail where Talley worked. Tyler made tape recordings of his phone conversations with Talley. According to Tyler, Talley solicited him to kill both the agent and informant. In return, Tyler asked Talley to conduct a drive-by shooting of those who Tyler suspected of killing his mother,

to which Talley agreed. Other recorded conversations between Talley and Tyler discussed topics such as Talley removing VIN numbers, Talley and Tyler selling drugs together, and that Talley and the informant were involved together in 5,000 diluadid tablets. Talley objected to this evidence at trial. The government argued, and the Sixth Circuit agreed, "that the statements were properly admitted because they established Talley's motive, plan or intent." Id. at 999. The statements were probative of Talley's motive to commit murder and explained why he wanted the agent and informant killed, explained his intent to commit the crimes, and explained the relationship between Talley and Tyler. Id. at 1000. See also United States v. Frederick, 406 F.3d 754 (6th Cir. 2005) (in prosecution for felon in possession and possess of drugs with intent to distribute, evidence of prior uncharged drug sales, robbery of drugs, and purchase of firearm to protect drug distribution was inextricably intertwined but also demonstrated motive to possess firearm consistent with 404(b)).

Should the Court find that evidence of his gang affiliation is permissible under (1) Fed. R. 401 relevant evidence, (2) inextricably intertwined, or (3) Fed. R. 404(b), a detective who has previously been qualified in Cuyahoga County Common Pleas Court as a gang expert, would testify as to the existence of the Loyal Always gang, and the basis for his opinion that Bey is affiliated with the gang.[2] His gang affiliation is directly material to his defense; particularly as to whether he recklessly or negligently placed himself in a situation in which it was probable that he would be forced to commit a criminal act, and therefore had no alternative but to violate the law. Evidence of his affiliation would rebut his allegation that he was not negligent and had no

---

[2] The government will draft a limiting jury instruction as to the specific use of the 404(b) evidence rather than a general instruction as to all possible purposes. See United States v. Davis, 547 F.3d 520 (6th Cir. 2008). Unless objected to, the government would propose instructions given both at the time of testimony and the Court's charge to the jury.

other alternative to possessing the ammunition. It is very probative of whether he can meet the five elements of justification. It puts into context and completes the story of testimony elicited by the defense of either government or defense witnesses. Bey has already acknowledged he was the intended target of a shooting. He cannot then expect to eliminate the basis for why the shooting was intended.

## III. CONCLUSION

The government seeks to introduce Bey's Loyal Always gang membership using limited and specific facts without sensationalizing the acts. The government intends to discuss proposed testimony with defense counsel to determine if a stipulation as to testimony may be agreed upon. Bey was the intended recipient of a drive-by shooting. Why he was the intended recipient goes to the heart of his defense that he has to burden to prove by a preponderance of the evidence. To complete the story, the jury should know of his gang affiliation to sufficiently weight the evidence as to whether he faced a credible threat, was not recklessly or negligently in the situation, and had no other reasonable legal alternative but to possess the ammunition as he returned fire.

    Respectfully submitted,

    JUSTIN E. HERDMAN
    United States Attorney

By:   /s/ Kelly L. Galvin
    Kelly L. Galvin (OH: 0062585)
    Assistant United States Attorney
    United States Court House
    801 West Superior Avenue, Suite 400
    Cleveland, OH 44113
    (216) 622-3731
    (216) 522-8355 (facsimile)
    Kelly.L.Galvin@usdoj.gov

CERTIFICATE OF SERVICE

      I hereby certify that on this 2nd day of July 2018 a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

                                          /s/ Kelly L. Galvin
                                          Kelly L. Galvin
                                          Assistant U.S. Attorney