# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | CASE NO: 17-cr-364 |
| v. | Judge Dan Aaron Polster |
| JESUS BEY, | **OPINION AND ORDER** |
| Defendant. | |

## MEMORANDUM

Before the Court is Defendant Jesus Bey's Motion for Release and Motion to Extend Haring to Consider Transfer of Defendant's Supervised Release, Doc #: 103. For the following reasons, Bey's Motion, **Doc #: 103**, is **DENIED**.

## BACKGROUND

On July 19, 2018, Bey was found guilty of possession of ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Doc #: 43 at 1. He was sentenced to 28 months custody of the Bureau of Prisons with credit for time served and 3 years supervised release. Doc #: 88. He was placed on supervised release beginning August 26, 2019. Since then, Bey committed the following supervised release violations: (1) testing positive for Amphetamines and Methamphetamine; (2) driving of a vehicle in which a firearm was recovered by law enforcement; (3) associating with a convicted felon; and (4) being cited for driving under suspension. Doc #: 97 at 1.

1

Bey was arrested on January 16, 2020 as a result of these violations. Doc #: 96. The Court ordered that he be detained pending a final revocation hearing. Doc #: 101. The hearing is scheduled for May 12, 2020. Doc #: 102.

## ANALYSIS

Bey now requests that he be released from detention. Doc #: 103. A court must order a person awaiting a supervised release violations hearing be detained unless the court finds "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . ." on bond or conditions. Fed R. Crim. P. 32.1(a)(6); 18 U.S.C. § 3143(a)(1). The defendant bears the burden of making this showing. Fed. R. Crim. P. 32.1(a)(6).

In temporarily revoking Bey's supervised release, this Court already determined that Bey is a danger to the community due to his use of drugs, association with a known felon, and being in a car with a firearm. Bey makes no attempt to change this conclusion.

Instead, Bey requests that he be released solely because of COVID-19. Doc #: 103 at 1. In support of his need for release, Bey attached news reports describing COVID-19 outbreaks in prisons. Doc #: 103-1. However, the presence of COVID-19 does not change this Court's conclusion that Bey is a danger to the community. Moreover, The Northeast Ohio Correctional Center ("NOCC"), where Bey is housed, has no confirmed COVID-19 cases. Doc #: 104 at 2. And both the NOCC and the U.S. Marshals Service have implemented proper precautions. Doc #: 104 at 4-7. Thus, Bey is not entitled to release.

## CONCLUSION

Accordingly, Bey's Motion for Release, **Doc #: 103**, is **DENIED**. Furthermore, as Bey is not entitled to release, his Motion to Extend Hearing to Consider Transfer of Defendant's Supervised Release, **Doc #: 103**, is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster April 14, 2020*
**Dan Aaron Polster**
**United States District Judge**